**Norman V. HOPKINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 90529.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 14, 2008.

Jessica Hathaway, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen Louise Kramer, Jefferson City, MO, for respondent.

Before NANNETTE A. BAKER, C.J., SHERRI B. SULLIVAN, J., and KENNETH M. ROMINES, J.

***ORDER***

PER CURIAM.

Appellant, Norman Hopkins, appeals from the judgment of the Circuit Court of St. Louis County, the Honorable John A. Ross presiding. Hopkins was convicted by a jury of the class B felony of burglary in the first degree, Section 569.160; the class A felony of assault in the first degree, Section 565.050; and the unclassified felony of armed criminal action, Section 571.015. Hopkins was sentenced to concurrent terms of fifteen and thirty years imprisonment. Hopkins filed a motion for post-conviction relief, under Missouri Supreme Court Rule 29.15, which the motion court denied without an evidentiary hearing.

Hopkins first claims that the motion court erred in denying his Rule 29.15 post-conviction motion that trial counsel was ineffective for failing to ask for a pre-trial hearing to present witnesses in support of Appellant's claim that the marital privilege should have barred the admission of Robin Hopkins' testimony. Second, Hopkins claims that the motion court erred in denying his Rule 29.15 post-conviction motion claim that trial counsel was ineffective for failing to ask the court to replace a sleeping juror. Third, Hopkins claims that the motion court erred in denying his Rule 29.15 post-conviction motion claim that appellate counsel was ineffective for not raising that the trial court erred in admitting Robin Hopkins' testimony and statements. Additionally Hopkins claims that the motion court erred in denying Appellant's post-conviction motion without issuing specific findings of fact and conclusions of law on all of his allegations.

We have reviewed the briefs and the record on appeal, and no error of law appears. Thus, a written opinion would

have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).

AFFIRMED.